# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TRICIA M. HAMPTON,           ) | |
|     Plaintiff,           ) | |
|                              ) | |
| v.                           ) | CAUSE NO.: 2:17-CV-62-PRC |
|                              ) | |
| NANCY A. BERRYHILL,          ) | |
| Acting Commissioner of the   ) | |
| Social Security Administration, ) | |
|     Defendant.          ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Tricia M. Hampton on February 10, 2017, and Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 17], filed by Plaintiff on July 28, 2017. Plaintiff requests that the Court reverse the November 28, 2016 decision of the Administrative Law Judge denying her disability insurance benefits and supplemental security income and make a direct award of benefits or, alternatively, remand for further proceedings. For the following reasons, the Court remands this matter to the agency for further proceedings.

## PROCEDURAL BACKGROUND

On June 29, 2009, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on May 11, 2009. Plaintiff's application was denied initially and upon reconsideration. A hearing was held on November 9, 2010, before Administrative Law Judge ("ALJ") Kathleen Mucerino, and on February 25, 2011, ALJ Mucerino issued a decision denying the application. Plaintiff sought review of the ALJ's decision, but the Appeals Council denied the request. Plaintiff sought judicial review, and, on June 3, 2013, this Court

granted a joint motion to remand the matter to the agency pursuant to the fourth sentence of 42 U.S.C. § 405(g).

On this first remand, the Appeals Council remanded the matter to an ALJ for a hearing and new decision. ALJ David R. Bruce held a hearing on September 17, 2014, and denied benefits in a decision dated October 17, 2014. Plaintiff sought judicial review, and, on August 19, 2015, this Court granted a joint motion to remand the matter to the agency pursuant to the fourth sentence of 42 U.S.C. § 405(g).

On this second remand, the matter returned to ALJ Bruce. On September 8, 2016, ALJ Bruce held a hearing. He issued a written decision denying benefits on November 28, 2016, making the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2. The claimant has not engaged in substantial gainful activity since May 11, 2009, the alleged onset date.

3. The claimant has the following severe impairments: degenerative disc disease of the cervical spine; obesity; migraines; adjustment disorder with depressed and anxious mood.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally climb ladders, ropes, scaffolds, ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; is limited to perform simple, routine tasks and simple work-related decisions; and only frequently interact with supervisors, co-workers and the public.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born [in 1973] and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 11, 2009, through the date of this decision.

(AR 1005-14). Plaintiff did not file exceptions with the Appeals Council, and the Appeals Council did not take jurisdiction of the claim, leaving the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.984(d), 416.1484(d). On February 10, 2017, Plaintiff filed this civil action pursuant to 42 U.S.C. § 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous

legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful

4

review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet

5

or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite her limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC, in weighing medical opinion evidence; and in assessing the intensity, persistence, and limiting effects of Plaintiff's pain and symptoms.

### A. Residual Functional Capacity

The RFC is a measure of what an individual can do despite the limitations imposed by her impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of a claimant's RFC is a legal decision rather than a medical one. 20

6

C.F.R. §§ 404.1527(e)(1), 416.927(e)(1); *Diaz*, 55 F.3d at 306 n.2. The RFC is an issue at steps four and five of the sequential evaluation process and must be supported by substantial evidence. SSR 96-8p, 1996 WL 374184, *3 (July 2, 1996); *Clifford*, 227 F.3d at 870.

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing' basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p at *1. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, at *3. The relevant evidence includes medical history; medical signs and laboratory findings; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In arriving at an RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*.

Plaintiff asserts that the ALJ erred by not addressing the limiting effects of Plaintiff's moderate deficiency in concentration, persistence, or pace, by relying on outdated medical opinions, and by not identifying the evidentiary basis supporting his assessment of Plaintiff's limitations in social functioning.

1. *Limiting Effects of Diminished Concentration, Persistence, or Pace*

Plaintiff argues that the ALJ, after finding that Plaintiff had a moderate deficiency in concentration, persistence, or pace, did not account for the limiting effects of that deficiency in Plaintiff's RFC.

7

At step 3 of the sequential process, the ALJ determined that Plaintiff's medically determinable severe impairment of adjustment disorder with depressed and anxious mood caused a moderate deficiency in concentration, persistence, or pace. The ALJ noted that at one consultative examination Plaintiff had below average concentration but, at another, she had normal concentration.

As the Seventh Circuit Court of Appeals has repeatedly noted, a limitation to work involving simple, routine tasks does not adequately account for moderate limitations in concentration, persistence, or pace because the "ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620 (citing *Stewart v Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009); *Craft*, 539 F.3d at 677; *Kasarsky v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2002); SSR 85-15, 1985 WL 56857 (1985)); *see also Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014) ("We have repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, or pace.").

In finding Plaintiff's RFC as required for steps 4 and 5, the ALJ limited Plaintiff to simple, routine tasks and simple work-related decisions. The ALJ indicated that these limitations were made to accommodate Plaintiff's pain medication side effects. (AR 1011). Later in the ALJ's decision, the ALJ discussed Plaintiff's mental impairments and noted that Plaintiff had been limited to simple, routine work, with simple, work-related decisions and frequent interactions with others. The ALJ did not explicitly indicate that these same limitations accommodated her moderate deficiency as found in step 3. That is, there is no clear finding of how Plaintiff's deficiency in concentration, persistence, or pace was accommodated in her RFC, the ALJ did not explain how a limitation to

8

simple, routine work would accommodate this deficiency, and the limitation to simple, routine work has been determined by the Seventh Circuit Court of Appeals to not sufficiently account for a moderate limitation in concentration, persistence, or pace. Because the ALJ did not properly account for Plaintiff's moderate limitations in concentration, persistence, or pace, remand for further proceedings is required.

2. *Evidentiary Basis for Limitations in Social Functioning*

Plaintiff maintains that the ALJ did not identify an evidentiary basis for the social functioning limitation he incorporated into Plaintiff's RFC. The ALJ made no explicit finding connecting Plaintiff's moderate limitation in social functioning, found at step 3 (AR 1007), to any restriction in Plaintiff's RFC. However, the Court infers that the limitation to frequent—as opposed to constant—interaction with supervisors, co-workers, and the public was meant to accommodate Plaintiff's social functioning.

In finding Plaintiff's RFC, the ALJ noted that, in a September 2009 psychiatric consultative examination, Plaintiff's social function was assessed as below average. The ALJ then noted that this assessment was based upon Plaintiff's subjective complaints. In discounting Plaintiff's difficulty functioning socially, the ALJ seemingly ignores his own previous finding that Plaintiff's social functioning is moderately impaired. The ALJ discounted the consulting psychiatrist opinions—which found Plaintiff's mental impairments nonsevere—because recent evidence supports a finding that Plaintiff's impairments are severe, so the ALJ did not arrive at the restriction to only frequent interaction by relying on the opinion evidence. The ALJ provides a short summary of evidence but no discussion of how he found the restriction to frequent interaction to sufficiently accommodate Plaintiff's social functioning. The Court cannot review the ALJ's unstated reasons for

9

coming to the conclusion that he reached. On remand, if the ALJ finds that Plaintiff is limited in social functioning, then the ALJ is instructed to provide analysis of how Plaintiff's RFC sufficiently accommodates the limitation.

### B. Weight to Medical Opinions

In determining whether a claimant is disabled, the ALJ "will always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . received." 20 C.F.R. §§ 404.1527(b); 416.927(b). The ALJ evaluates every medical opinion received. *Id.* §§ 404.1527(c); 416.927(c). This includes the opinions of nonexamining sources such as state agency medical and psychological consultants as well as outside medical experts consulted by the ALJ. *Id.* §§ 404.1527(e)(2); 416.927(e)(2).

Under what is known as the "treating physician rule," the opinion of a treating physician on the nature and severity of an impairment is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in [the] case record." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). An ALJ must offer good reasons if he does not assign controlling weight to a treating physician's medical opinion. *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016).

When an ALJ does not give controlling weight to the opinion of a treating physician, or when the ALJ is assigning weight to a non-treating physician's opinion, the ALJ considers several factors and "must explain in the decision the weight given" to each opinion. 20 C.F.R. §§ 404.1527(e)(2)(ii), (iii), 416.927(e)(2)(ii), (iii); *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008).

First, more weight is given to a source that has examined the claimant than one who has not. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). Second, treating sources are given more weight than other sources, and a number of subfactors are considered. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Third, the ALJ considers supportability, which gives more weight to opinions that present relevant evidence, particularly medical signs and laboratory findings, in support of the opinion. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion. . . . We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources."). Fourth, "the more consistent an opinion is with the record as a whole, the more weight [is given] to that opinion." 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Fifth, more weight is given to a specialist about medical issues related to the area of specialty than to the opinion of a source who is not a specialist. 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5). Finally, other factors are considered as brought to the attention of the ALJ or of which the ALJ is aware, such as the doctor's understanding of the disability programs and their evidentiary requirements as well as familiarity with information in the claimant's case record. 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6).

*1.  Dr. Petrovich*

The ALJ gave treating physician Dr. Petrovich's opinion "little weight." The ALJ provided the following explanation.

> Dr. Petrovich is a primary care physician and not a neurologist nor mental health specialist. The medical opinions appear to be based upon the claimant's subjective complaints and not diagnostic or clinical objective findings. For example, the claimant's physical exams show minimal deficits despite her extreme limitations. (Ex. 25F/2, 11, 20). She has no neurological deficits and full strength. Records also

11

show her pain was controlled, as noted earlier, She also repeatedly notes that the claimant has no depressed mood or stress. (Ex. 25F; 27F).

(AR 1013 (internal citations omitted)).

There are a couple of issues regarding this explanation. First, the ALJ did not separately address whether Dr. Petrovich's opinion was entitled to controlling weight. However, the ALJ did state that Dr. Petrovich's opinion did not appear to be based on diagnostic or clinical objective findings, which could be an inartfully phrased finding that the opinion is not well-supported by medically acceptable clinical and laboratory techniques.

Next, in assigning weight, the ALJ discussed supportability and specialization, two checklist factors. The ALJ determined that these factors cut against assigning greater weight to Dr. Petrovich's opinion. However, the ALJ did not mention Dr. Petrovich's treatment relationship with Plaintiff. Plaintiff reports, and the Commissioner does not refute, that Dr. Petrovich treated Plaintiff on 18 occasions between 2013 and 2016. This checklist factor favors assigning more weight to Dr. Petrovich's opinion. Given how strongly this factor weighs in favor of affording greater weight to Dr. Petrovich's opinion, the ALJ should have addressed it.

On remand, the ALJ must determine whether Dr. Petrovich's opinion is entitled to controlling weight, and, if not, the ALJ must explicitly consider Dr. Petrovich's treatment relationship with Plaintiff when assigning weight to Dr. Petrovich's medical opinion.

2. *Dr. Corcoran and Dr. Sands*

An ALJ cannot rely on outdated assessments and ignore new and potentially decisive medical evidence. *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. Feb. 9, 2016) (citing *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)).

Plaintiff posits that the ALJ relied on the medical opinions of Dr. Corcoran and Dr. Sands, dated November 12, 2009, and January 6, 2010, respectively. At the time of the ALJ's November 28, 2016 decision, those opinions were approximately seven years old. The Commissioner counters that the ALJ did not rely on these opinions but rather assigned great weight to the opinions and that the ALJ also considered evidence that entered the record later, so there was no error in assigning great weight to these opinions. However, the ALJ's RFC finding closely tracks the limitations opined to by Drs. Corcoran and Sands with only minor deviations.

Plaintiff points to several pieces of medical evidence which entered the record after these medical opinions were given, including lower extremity edema, emergency department records, limited range of motion of Plaintiff's spine and extremity joints, and diminished strength. The Commissioner does not rebut Plaintiff's assertion that this evidence is new and potentially decisive. Affording such great weight to the opinions made without access to this evidence was error. On remand, if the opinion of a state agency medical consultant is sought, a new opinion by a medical consultant with access to the entire record is necessary.

**C. Subjective Symptoms**

In making a disability determination, the Social Security Administration will consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id.* The Administration's decisionmaker must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;

13

|     |     |
| --- | --- |
| (3) | Precipitating and aggravating factors; |
| (4) | Type, dosage, effectiveness, and side effects of any medication; |
| (5) | Treatment, other than medication, for relief of pain or other symptoms; |
| (6) | Other measures taken to relieve pain or other symptoms; |
| (7) | Other factors concerning functional limitations due to pain or other symptoms. |

*See id.* §§ 404.1529(c)(3), 416.929(c)(3). "[S]ubjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017). "Adjudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments." *Id.* at *11.

On remand, the ALJ is directed to evaluate Plaintiff's subjective symptoms in accordance with all applicable regulations and legal authority, including regulations and authority concerning third party statements from interested parties and concerning levels of treatment perceived as conservative. *See, e.g.*, *Garcia v. Colvin*, 741 F.3d 758, 761 (7th Cir. 2013) (interested parties); *Craft*, 539 F.3d at 679 (level of treatment); SSR 16-3p, *9 (level of treatment).

### D. Request for Award of Benefits

Plaintiff asks the Court to reverse and remand for an award of benefits or, in the alternative, for additional proceedings. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Based on the discussion above, remand, not an immediate award of benefits, is required.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 17], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order. The Court **DENIES** Plaintiff's request to award benefits.

SO ORDERED this 1st day of March, 2018.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT